**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-17-0000008**
**26-FEB-2018**
**08:12 AM**

NO. CAAP-17-0000008

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
PETER M. DODGE, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE THIRD CIRCUIT
KONA DIVISION
(CASE NO. 3DCW-16-0001356)

SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, and Reifurth and Ginoza, JJ.)

Defendant-Appellant Peter M. Dodge appeals from a Judgment and Notice of Entry of Judgment, entered on December 8, 2016, by the District Court of the Third Circuit, Kona Division ("District Court").[1]  The District Court convicted Dodge of one count of Harassment, in violation of Hawaii Revised Statutes ("HRS") section 711-1106(1).[2]

On appeal, Dodge argues that the District Court wrongly convicted him (1) where the charge was fatally defective for failing to include the requisite *mens rea*; and (2) where the court (a) erroneously allowed Officer Taniguchi to testify regarding Dodge's statements made to him after the officer failed to provide Dodge with warnings pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966); (b) abused its discretion in precluding

---

[1] The Honorable Margaret Masunaga presided.

[2] HRS section 711-1106(1) (2014) provides, in relevant part, "A person commits the offense of harassment if, with intent to harass, annoy, or alarm any other person, that person . . . [s]trikes, shoves, kicks, or otherwise touches another person in an offensive manner or subjects the other person to offensive physical contact[.]"

Dodge from adducing evidence of Leah Martinez's bias, interest, and motive to testify falsely on the ground that it went beyond the scope of direct examination; (c) erroneously precluded Dodge from adducing evidence of the complainant's prior bad acts, which were relevant to Dodge's self-defense claim; and (d) erroneously allowed Martinez to testify about her alleged fear of Dodge.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Dodge's points of error as follows.

Dodge argues that the charge was fatally defective for failing to include the requisite *mens rea*. The State concedes that the charge was defective for omitting the *mens rea* for the offense; nonetheless, the State urges us to disregard controlling case law and review the issue for plain error rather than hold that the charge must be dismissed without prejudice.

In *State v. Apollonio*, 130 Hawaiʻi 353, 355, 311 P.3d 676, 678 (2013), the oral charge against Apollonio for excessive speeding did not include the requisite *mens rea*. Apollonio did not object. *Id*. He was convicted. *Id*. at 356, 311 P.3d at 679. He appealed, and this court affirmed. *Id*. at 356-57, 311 P.3d at 679-80.

On certiorari, Apollonio argued that the charge could not be "reasonably construed to state an offense" because it failed to include the requisite state of mind and, therefore, should be dismissed without prejudice. *Id*. at 358, 311 P.3d at 681. The Hawaiʻi Supreme Court agreed, holding that "[a] charge that fails to charge a requisite state of mind cannot be construed reasonably to state an offense and thus the charge is dismissed without prejudice because it violated due process." *Id*. at 359, 311 P.3d at 682 (citing *State v. Elliott*, 77 Hawaiʻi 309, 313, 884 P.2d 372, 376 (1994)). The supreme court did not review the issue for plain error.

*Apollonio* has not been overruled and remains binding on this court. "Under the doctrine of *stare decisis*, where a legal principle has been passed upon by the court of last resort, it is the duty of all inferior tribunals to adhere to the decision,

until the decision has been reversed or overruled by the court of last resort or altered by legislative enactment." *State v. Jim*, 105 Hawai'i 319, 331, 97 P.3d 395, 407 (App. 2004) (quoting *Soderlund v. Admin. Dir. of Courts*, 96 Hawai'i 114, 119 n.8, 26 P.3d 1214, 1219 n.8 (2001)) (brackets, internal quotation marks, and ellipsis omitted).

Here, it is undisputed that the charge fails to set forth the requisite *mens rea* and the State provides no persuasive argument as to why we should ignore binding precedent and instead apply the plain error standard. Therefore, pursuant to *Apollonio*, the charge must be dismissed without prejudice, and we need not reach Dodge's other points of error. *See State v. Muller*, CAAP-10-0000225, 2014 WL 444230, at *2 (Hawai'i App. Jan. 31, 2014) (finding it unnecessary to reach remaining points of error after addressing *Apollonio*'s application).

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, entered on December 8, 2016, by the District Court of the Third Circuit, Kona Division, is vacated and the case remanded for proceedings consistent with this opinion.

DATED: Honolulu, Hawai'i, February 26, 2018.

On the briefs:

Jon N. Ikenaga,
Deputy Public Defender,
for Defendant-Appellant.

David Blancett-Maddock,
Deputy Prosecuting Attorney,
County of Hawai'i,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

3